UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE P. ROSENBERG,<br><br>                  Plaintiff,<br><br>   v.<br><br>PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,<br><br>                  Defendant. | CASE NO. C24-264 MJP<br><br>ORDER DENYING SECOND MOTION TO CONTINUE |

This matter comes before the Court on the Parties' second Stipulated Motion to Continue Trial and Amend Case Schedule. (Dkt. No. 16.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion. The Parties request an extension of the "trial and related dates in this matter by 120-180 days[.]" (Id. at 1.) The Parties argue that they have had difficulty in "coordinating certain discovery efforts" particularly as to expert witnesses "due to the unique location of the subject property on Whidbey Island." (Id.) They also state that they have been discussing settlement and that the requested extension "will allow for the scheduling

of a mediation and hopeful resolution." (Id.) These are the same reasons advanced in the first Motion to Continue that the Court found inadequate, and the Court continues to find these reasons inadequate for the reasons previously stated. The Court also notes that the Parties do not explain how and why the location of the property has or will prevent them from completing discovery before the February 14, 2025 discovery deadline.

The Parties newly state that "counsel for plaintiff had surgery on November 13, 2024, and is still under medical restrictions as to his activities" and that this has led to difficulty "scheduling and completing discovery." (Id. at 1-2.) And the Parties now state that "[l]ead counsel for defendant is also retiring at the end of the year, which has required transition to a new attorney to take on the role of lead counsel for Defendant." (Id. at 2.) But the Court is not convinced that either of these events warrant any extension of the case deadlines. The Court has been provided no details as to what the surgery recovery requires and what specific discovery was hampered by counsel's convalescence. And the retirement of Defendant's "lead" counsel has not been identified as sudden or unexpected, such that the attorney and law firm could have prepared for a timely transition of responsibilities to a new attorney without impacting the case schedule. And it appears that at least one attorney for Defendant, who has appeared on its behalf, has been on this case for some time and will remain on the case to assist any transition.

The Court again finds inadequate evidence of good cause and diligence that might justify an extension of the trial date and remaining interim deadlines. The Court DENIES the Motion. The denial is without prejudice to a renewed motion that contains greater specificity, precision, and convincing reasons that might explain and justify an extension of any specific deadlines and/or the trial date.

\\

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated December 31, 2024.

                                              Marsha J. Pechman
                                              United States Senior District Judge